

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ARDEN WENDELL PAWNEE LEGGINS, | ) | Civ. 12-4139-LLP |
| Plaintiff, | ) | |
| vs. | ) | |
| MILLER-HUNHOFF, Mail Room Officer at Sioux Falls State Prison; MAIL ROOM, Sioux Falls Mail Room; FEDDERSEN, Sergent at Sioux Falls State Prison; MENTAL HEALTH, Division of Correctional Behavioral Health at the Sioux Falls State Prison; FATE, Ad-Seg Unit Coordinator; DEPARTMENT OF CRIMINAL INVESTIGATION; HEALTH SERVICE; and MATT EGGERT, Hill SHU coordinator, | ) | ORDER GRANTING LEAVE TO AMEND COMPLAINT AND DENYING APPOINTMENT OF COUNSEL |
| Defendants. | ) | |

Plaintiff, Arden Wendell Pawnee Leggins, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. Leggins filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, and has requested leave to file an amended complaint so as to add a party and fix various errors. Dockets 1, 9–10, 22. This motion represents Leggins' third request for leave to file an amended complaint, but it is his first request for leave to amend since defendants were served notice of this lawsuit on February 1, 2013. Docket 13. Leggins has also requested the appointment of counsel. Docket 18.

I. **Leggins' Motion for Leave to Amend the Complaint Is Granted.**

A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citations omitted). "A party may

amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although Federal Rule of Civil Procedure 15(a) dictates that "[t]he court should freely give leave when justice so requires," the court may deny such requests for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, 60 days have passed between the date on which defendants were served with this action and the date on which Leggins filed the instant motion to amend. The court is therefore not bound by the Federal Rules of Civil Procedure to grant Leggins' motion. Nonetheless, because defendants have failed to demonstrate that additional amendments would cause undue prejudice on opposing parties,[1] the court grants Leggins' motion to amend his complaint. *See Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981) ("Delay alone is an insufficient justification for denying a motion to amend; prejudice to the nonmovant must also be shown."). Leggins must submit an amended complaint on or before June 7, 2013.

---

[1] To the extent defendants argue that Leggins failed to "even remotely indicate what the proposed amended complaint would contain," the court notes that Leggins specified that he intended to add a party and correct errors. Docket 22, 23. Although Leggins' specifications do not amount to a separate proposed amended complaint, the court finds that his request is sufficient in light of the less stringent standards to which pro se litigants are held. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

## II. Leggins' Motion to Appoint Counsel Is Denied.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Leggins' remaining claims are not complex. Leggins appears able to adequately present his § 1983 claims at this time, and Leggins' potential inability to write using his dominant hand is not grounds for the appointment of counsel. Leggins' motion to appoint counsel (Docket 18) is therefore denied.

Therefore, it is

ORDERED that Leggins' motion to amend the complaint (Docket 22) is granted. Leggins' deadline to file an amended complaint is **June 7, 2013**.

IT IS FURTHER ORDERED that Leggins' motion to appoint counsel (Docket 18) is denied.

Dated this 7th day of May, 2013.

BY THE COURT:

LAWRENCE L. PIERSOL
UNITED STATES DISTRICT JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY_____
DEPUTY

3