UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**

AUG 15 2013



CLERK

| | | |
|---|---|---|
| ARDEN WENDELL PAWNEE LEGGINS, | ) | Civ. 12-4139-LLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MILLER-HUNHOFF, Mail Room Officer at | ) | |
| Sioux Falls State Prison, in his individual | ) | |
| capacity; MAIL ROOM, Sioux Falls Mail | ) | |
| Room, in its individual capacity; MENTAL | ) | |
| HEALTH, Division of Correctional Behavioral | ) | ORDER DENYING MOTION FOR |
| Health at the Sioux Falls State Prison, in its | ) | MENTAL HEALTH AND HEALTH |
| individual capacity; DEPARTMENT OF | ) | SERVICES RECORDS AND GRANTING |
| CRIMINAL INVESTIGATION, in its | ) | MOTIONS TO STAY DISCOVERY |
| individual capacity; HEALTH SERVICE, in its | ) | |
| individual capacity; DOCTOR RUGIER, | ) | |
| Health Service, in their individual capacity; | ) | |
| HEAD NURSE JENNIFER, in her individual | ) | |
| capacity; DR. SCOTT McPHERSON, in his | ) | |
| individual capacity as a doctor at Core | ) | |
| Orthopedics Avera Medical Group; and | ) | |
| MATT EGGERT, Hill SHU coordinator, in | ) | |
| his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Arden Wendell Pawnee Leggins, moves this Court to compel Health Services to release his mental health and health services records. Docket 45. Defendants oppose Leggins' motion to compel and request that the Court stay discovery until all defendants have an opportunity to submit their respective motions for summary judgment. Dockets 46, 48. The Court will address each of the pending motions in the order the motions were filed, beginning with the motion for copies of mental health records, and then moving to the motions to stay discovery.

## I.    Motion for Mental Health and Health Services Records.

Leggins requests a court order requiring Health Services to release his mental health and health services records. Docket 45. Leggins, however, has not provided sufficient information for the Court to determine (1) whether such copies are in fact being improperly withheld from him, and (2) whether such copies are relevant to the claims before this Court. As defendants have indicated, Mike Durfee State Prison is operated in accordance with policies established by the South Dakota Department of Corrections and the South Dakota Department of Health. Docket 46. Under such policies, a prisoner has the right to review his or her medical records and is given the opportunity to do so provided the prisoner follows proper protocol. *Id.*

Without evidence demonstrating that Leggins has been refused access to his medical records despite having followed proper protocol, the Court will not interfere with the administration of the prison system. *See Blake v. Pryse*, 444 F.2d 218, 218 (8th Cir. 1971) ("Absent a deprivation of a constitutional right, the federal courts will not interfere with the administration of the prison system."). Leggins' motion for mental health and health services records (Docket 45) is therefore denied at this time.

## II.    Motions to Stay Discovery.

With the exception of Dr. McPherson, all defendants assert that Leggins' claims are subject to a qualified immunity defense. Docket 46. The doctrine of qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Consequently, both the Supreme Court and the Eighth Circuit have " 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.' " *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). In light of defendants' upcoming motion to resolve the issue of qualified immunity, therefore, the motion to stay discovery is granted.

In a separate motion to stay discovery, defendant Dr. McPherson outlines his upcoming motion for summary judgment and requests that the Court exercise its broad discretion under Federal Rule of Civil Procedure 26 to stay discovery. Docket 48. To control the Court's docket and conserve judicial resources, the Court grants Dr. McPherson's motion to stay discovery in light of his upcoming motion for summary judgment. *See Contracting Nw., Inc. v. City of*

2

*Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) ("[T]he district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." (citation omitted)). Accordingly, it is

ORDERED that Leggins' motion for mental health and health services records (Docket 45) is denied without prejudice to such motion being made at a later time, if then appropriate.

IT IS FURTHER ORDERED that defendants' motions to stay discovery (Dockets 46, 48) are granted. Defendants must submit their respective motions for summary judgment by **September 3, 2013**.

IT IS FURTHER ORDERED that the Order Granting Motion to Extend (Docket 51) is amended to reflect that Leggins may have until **September 24, 2013**, within which to file his response to the defendants' motions for summary judgment.

Dated this 15th day of August, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Colleen Schutte
DEPUTY

3